*Ripley & Conrad* for plaintiffs.

---

*MORGAN vs. PEET & AL.*

8NS 395
117 932

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. The defendants recovered judgment against the plaintiff and issued execution to enforce it. He applied for, and obtained, an injunction, which the court below, on a hearing, dissolved.

On a motion to dissolve an injunction, all the matters alleged in the petition are taken for true

A debtor inwhose hands the debt due by him is attached, may enjoin an execution, issued against him by his creditor.

Among other grounds on which the application was made, the petition states, that one Leggett had instituted a suit by attachment, and seized in the plaintiff's hands all the money due by him to the defendants. It also contains an averment, that this suit had been instituted since the rendition of the judgment, on which the defendants had issued execution.

The appellees appeared, and filed an answer to the petition. They subsequently mo-

ved to set aside the injunction, on the following grounds :

1. There is not enough sworn to, on the face of the petition, to grant the injunction.

2. All the matters in the petition might have been shown, before the judgment.

3. Nothing has occurred since the judgment, to authorise the injunction. A consideration of the validity of the second and third grounds, will dispose of the first.

The plaintiff states and swears, that an attachment had been levied on the money due by him to the defendants, since the rendition of the judgment. If this be true, (and on a motion to dissolve, for matters appearing in the petition, all the allegations contained in it must be taken as true,) then it follows, that what has occurred after the judgment, could not have been shown before ; and as to the legal right of the plaintiff to resist payment under such circumstances, the law is both clear and imperative. "Payment," (says our code) "made by a debtor to his creditor, to the prejudice of a service or an attachment, is not valid, with regard to the creditors seizing or attaching: those may, according to their claims, oblige him to pay anew, and he

has, in that case alone, recourse against the creditor." *La. Code*, 2145.

It has been contended, that the sheriff in this case is nothing but a stakeholder. It is difficult to recognise in him that character, for the defendants recovered judgment against him, for seizing goods which he ought not to have taken. But admitting, that such was his true character as between the persons whose execution he originally acted under, and the defendants; nothing that we can discover on record, at all connects the attaching creditor Leggett with the original dispute. He appears merely as a creditor of the defendants, attaching money in the hands of *their* debtor.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed; and it is further ordered, adjudged and decreed, that this cause be remanded, to be proceeded in according to law, the appellees paying the costs of this appeal.

*Watts* for the plaintiff, *Hennen* for the defendants.